Aimee P. Levine
Michelle J. d'Arcambal
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

## 08 CV 03064

Attorneys for Defendants
JP Morgan Chase, N.A., as Trustee
for The American Institute of Certified Public
Accountants Insurance Trust, and
The Prudential Insurance Company of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————X

**PATRICIA MEMOLI,**

               **Plaintiff,**

    - against –

**JP MORGAN CHASE BANK, N.A., AS TRUSTEE**
**FOR THE AMERICAN INSTITUTE OF CERTIFIED**
**PUBLIC ACCOUNTANTS INSURANCE TRUST,**
**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA AND AFFINITY INSURANCE**
**SERVICES, INC.,**

               **Defendants.**
———————————————————————X

C.A. No. _____

**NOTICE OF REMOVAL**

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES**
        **DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

       Defendants JPMorgan Chase Bank, N.A. ("JP Morgan"), as Trustee for the American

Institute of Certified Public Accountants Trust ("AICPA"), and The Prudential Insurance Company

of America ("Prudential") (collectively referred to as "Defendants"), through their attorneys,

d'Arcambal, Levine & Ousley, LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully notice the removal of the captioned action to the United States District Court, Southern District of New York from the Supreme Court of the State of New York, Westchester County. The grounds for removal are as follows:

1.    Upon information and belief, on or about February 13, 2008, Plaintiff Patricia Memoli ("Plaintiff" or "Memoli") filed a complaint in the Supreme Court of the State of New York, Westchester County, naming as defendants JPMorgan Chase Bank, N.A. ("JP Morgan"), as Trustee for the American Institute of Certified Public Accountants Insurance Trust ("AICPA"), The Prudential Insurance Company of America ("Prudential"), and Affinity Insurance Services, Inc. ("Affinity"), Index No. 08/03281 (the "State Court Action"). Copies of all process, pleadings, and orders served upon defendants JP Morgan and Prudential are annexed hereto as Exhibits A and B, respectively, in accordance with 28 U.S.C. § 1446(a).

2.    This Court has original jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1348.

3.    The State Court Action is one that is subject to removal pursuant to 28 U.S.C. § 1441; it is a civil action where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists as to all parties.

**THE PARTIES**

4.    Plaintiff Patricia Memoli was at the time the State Court Action was commenced a citizen of New York, residing at 1255 North Avenue, New Rochelle, New York. *See Complaint, First Page.*

5.    Defendant JP Morgan was, at the time the State Court Action was commenced, a national banking association with its main offices located in Columbus, Ohio.

6.    Defendant Prudential was, at the time the State Court Action was commenced, a corporation incorporated under the laws of New Jersey, with its principal place of business in New Jersey.

7.    Upon information and belief, Defendant Affinity was, at the time the State Court Action was commenced, a corporation incorporated under the laws of Pennsylvania, with its principal place of business in Illinois.

8.    On or about March 6, 2008, Defendant Prudential received notice of the Summons and Complaint. On or about March 4, 2008, Defendant JP Morgan received notice of the Summons and Complaint. Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely.

## THE STATE COURT ACTION

9.    The Complaint alleges that Plaintiff Patricia Memoli's ex-husband procured a policy of life insurance[1] (the "Certificate") through the AICPA Insurance Trust, a group insurance policy sponsored by the AICPA. *See Complaint, ¶¶ 11, 12.* The Complaint alleges that the group life insurance policy was administered by Defendant Affinity and was underwritten and issued by Defendant Prudential. *See Complaint, ¶ 12.* The Complaint alleges that Plaintiff is entitled to life insurance proceeds of $750,000. *See Complaint, Wherefore Clause.* The Complaint further alleges that Plaintiff's ex-husband died on January 26, 2007, that Plaintiff is entitled to the proceeds as the

---

[1]    It should be noted, however, that as this is a group policy, a "certificate of coverage" was issued as opposed to a "Policy," as claimed by Plaintiff.

beneficiary, and that her ex-husband was required to maintain the life insurance pursuant to a divorce decree until their youngest child was 22 years of age. *See Complaint, ¶ 15.*

10.     The Complaint also alleges that prior to her ex-husband's death, Plaintiff spoke with a representative of Affinity and requested information regarding his coverage, that she be informed if the coverage lapsed, and of her desire to pay the premiums in the event that her ex-husband failed to make the payments. *See Complaint, ¶ 20.* The Complaint alleges that the Affinity representative informed her that Affinity could not provide her with the information requested. *See Complaint, ¶ 21.* The Complaint further alleges that her ex-husband's coverage was cancelled for non-payment of premiums on September 12, 2006. *See Complaint, ¶ 25.*

11.     Based upon the above allegations, Plaintiff asserts causes of action for declaratory judgment, breach of contract, breach of the covenant of good faith, negligent misrepresentation, and intentional misrepresentation. *See Complaint, ¶¶ 28-56.* Plaintiff seeks a declaratory judgment that the Certificate was in full force and effect at the time of her ex-husband's death, payment of insurance benefits in the amount of $750,000, and punitive damages. *See Complaint, Wherefore Clause.*

## THIS COURT'S REMOVAL JURISDICTION

12.     Title 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship). *See also 28 U.S.C. § 1348.* In this action, Plaintiff alleges state law claims to recover certain life insurance proceeds and seeks damages in excess of the sum or value of $75,000, exclusive of interest and costs.

4

13.    Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  As an action of a civil nature where none of the parties in interest properly joined and served as defendants is a citizen of the State in which this action is brought, this action may be removed to this Court pursuant to 28 U.S.C. § 1441 (a) and (b).

14.    The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed within thirty (30) days after receipt of the Summons and Complaint by Defendants JP Morgan and Prudential.

15.    Defendant Affinity consents to the removal of the State Court Action.

16.    The United States District Court, Southern District of New York is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the Supreme Court of the State of New York, Westchester County.

17.    A true and correct copy of this Notice of Removal is being served upon Plaintiff as required by law.  *28 U.S.C. § 1446(d).*

18.    A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the Supreme Court of the State of New York, Westchester County, as provided by law. *28 U.S.C. § 1446(d).*

WHEREFORE, Defendants JPMorgan Chase Bank, N.A., as Trustee for the American Institute of Certified Public Accountants Insurance Trust, and The Prudential Insurance Company of America hereby remove this action, currently pending as Index No. 08/03281 in the Supreme Court of the State of New York, Westchester County.

Respectfully submitted,

Dated: March 26, 2008
       New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____
        Aimee P. Levine

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Defendants
JP Morgan Chase, N.A., as Trustee
for The American Institute of Certified Public
Accountants Insurance Trust, and
The Prudential Insurance Company of America

6

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
03/04/2008
CT Log Number 513151752

|||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**  Carl Del Vecchio
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza - 20th Floor, Legal Department
New York, NY 10081-

**RE:**  **Process Served in New York**

**FOR:**  JPMorgan Chase & Co. (Cross Ref Name) (Domestic State: N/A)
JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patricia Memoli, Ptf. vs. JPMorgan Chase Bank, N.A., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Westchester County: Supreme Court, NY Case # 08-03281 |
| **NATURE OF ACTION:** | Dfts.' failure to comply with the notice provision of Insurance Law - JPMorgan Chase Bank, N.A. is named as Dft. and sued in this action solely in its capacity as trustee of the AICPA Insurance Trust - Dft. breached its duty to be truthful and accurate in their communications with Ptf. - Intentional Misrepresentation - Seeking declaratory judgment declaring and adjudging that the Insurance Policy is in full force and effect - Seeking $13,000,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/04/2008 postmarked on 02/27/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | John M. Perone McMillan, Constable, Maker & Perone, LLP 2180 Boston Post Road Larchmont, NY 10538 914-834-3500 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 2/28/2008. Even though entity name indicated in the documents is: JPMorgan Chase Bank, N.A., Department of State's cover letter is addressed to: JPMorgan Chase & Co. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/04/2008, Expected Purge Date: 03/09/2008 Image SOP - Page(s): 15 Email Notification, Legal Papers Served legal.papers.served@jpmchase.com CC Recipient(s) Teresa Goldberg, via Customer Pick-up |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue New York, NY 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of 1 / EB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**State of New York - Department of State**
**Division of Corporations**

Party Served:                                    Plaintiff/Petitioner:
  JPMORGAN CHASE & CO.                              MEMOLI, PATRICIA


    CT CORPORATION SYSTEM
    111 EIGHTH AVENUE
    13TH FLOOR
    NEW YORK,  NY 10017


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 02/26/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                           Very truly yours,
                                         Division of Corporations

# OFFICE RECORD

DOCKET YES __✓__ NO _____ CLOSED _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

Patricia Memoli,

                  Plaintiff,

    -against-

JPMorgan Chase Bank, N.A, as Trustee for
The American Institute of Certified Public
Accountants Insurance Trust,
The Prudential Insurance Company of America and
Affinity Insurance Services, Inc.

              Defendants.

-------------------------------------------------------------------X

Index No. __08-03281__

**RECEIVED**

FEB 13 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**SUMMONS**

Plaintiff's Address:
1255 North Ave.
New Rochelle, NY

        You hereby are summoned and required to serve upon the plaintiff's attorneys an answer to

the complaint in this action within twenty (20) days after the service of this summons and complaint,

exclusive of the day of service, or within thirty (30) days after service is complete if this summons

and complaint is not personally delivered to you within the State of New York.  In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

complaint.

        The basis of venue is plaintiff resides in Westchester County.

Dated: Larchmont, New York
       February 12, 2008

                           McMILLAN, CONSTABILE, MAKER & PERONE, LLP

            By:                                       
                                 John M. Perone, Esq.
                       *Attorneys for the plaintiff*
                       2180 Boston Post Road
                       Larchmont, New York 10538
                       914-834-3500

Defendant's Addresses:
**JPMorgan Chase Bank, N.A , as Trustee for**
**The American Institute of Certified Public**
**Accountants Insurance Trust**
270 Park Ave, 8th Floor,
New York, New York, 10017

**The Prudential Insurance Company of America**
213 Washington Street 9th Floor Newark, NJ  07102-2992
(Service on NYS Superintendent of Insurance:
Office of General Counsel
25 Beaver Street, 4th Floor
New York, NY 10004
                   or
Corporate Affairs Bureau
One Commerce Plaza, 20th Floor
Albany, NY 12257

**Affinity Insurance Services, Inc.**
200 E Randolph Street, Chicago, Illinois, 60601
(Service on designated agent:
Corporation Service Company
80 State Street
Albany, NY 12207-2543)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
Patricia Memoli,

                 Plaintiff,

          -against-

JPMorgan Chase Bank, N.A , as Trustee for
The American Institute of Certified Public
Accountants Insurance Trust,
The Prudential Insurance Company of America and
Affinity Insurance Services, Inc.

              Defendants.
-------------------------------------------------------------------x

Index No.  08-03281

**COMPLAINT**

_..JED_

FEB 13 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

The plaintiff, Patricia Memoli, by her undersigned attorneys, alleges as follows:

## THE PARTIES

1.     The plaintiff, Patricia Memoli, is an individual residing at 1255 North Ave., New Rochelle, NY, in the County of Westchester, State of New York.

2.     Upon information and belief, the American Institute of Certified Public Accountants Insurance Trust ("AICPA Insurance Trust"), is trust established in 1947 under the laws of the State of Pennsylvania, to serve the individual members of the American Institute of Certified Public Accountants ("AICPA"), their spouses, and children.

3.     Upon information and belief, the trustee of the AICPA Insurance Trust is JPMorgan Chase Bank, N.A.

4.     Upon information and belief, JPMorgan Chase Bank, N.A. is a corporation created under the laws of the State of Delaware, authorized to conduct business in the State of New

-1-

York, and having its principal place of business at 270 Park Ave, 8th Floor, New York, New York,

10017. JPMorgan Chase Bank, N.A. is named as a defendant and sued in this action solely in its

capacity as trustee of the AICPA Insurance Trust.

5.      On information and belief, the defendant, The Prudential Insurance Company

of America ("Prudential") is a corporation organized and existing under the laws of the State of New

Jersey, which is licensed and authorized by the New York State Insurance Department to writes lines

of insurance, including life insurance, in the State of New York, and has its principal place of

business at 213 Washington Street 9th Floor Newark, NJ  07102-2992.

6.      Upon information and belief defendant, Affinity Insurance Services, Inc.

("Affinity") is a corporation created and existing under the laws of the State of Pennsylvania, which

is authorized to conduct business in the State of New York, and has its principal place of business

at 200 E Randolph Street, Chicago, Illinois, 60601

7.      Upon information and belief, Affinity Insurance Services, Inc. is the Plan Agent

for the AICPA Insurance Trust. At all alleged herein, Affinity was acting as an agent of both AICPA

Insurance Trust and Prudential.

## BACKGROUND

8.      The plaintiff is the former spouse of Marc Memoli (hereinafter "Marc").  The

plaintiff and Marc were married on September 3, 1972, and during their marriage, they had two

children together:  A son, born April 16, 1980, and a daughter, born May 6, 1987.

9.      Upon information and belief, at all relevant times Marc was a member of the

AICPA.

10.     Upon information and belief, the AICPA is the national, professional association of

-2-

Certified Public Accountants, including CPAs in business and industry, public practice, government, and education; student affiliates; and international associates.

11.    Upon information and belief, the AICPA Insurance Trust was established in 1947. It serves individual members of the AICPA, their spouses, and children. Through the AICPA Insurance Trust Term Life Insurance, Group Variable Universal Life Insurance, Long Term Disability Income benefits, and Long Term Care coverage plans are available

12.    Upon information and belief, at some time prior to September 2006, Marc procured a certain life insurance policy ("the Policy") which was offered and administered by the AICPA Insurance Trust through it agent Affinity, and was underwritten and issued by defendant Prudential.

13.    Upon information and belief, at all relevant times, the Policy named the plaintiff as the primary beneficiary.

14.    The plaintiff was divorced from Marc in 1992.

15.    Under the terms of the judgment of divorce, among other things, Marc was required to make child support payments to the plaintiff and to maintain the Policy, naming the plaintiff as the primary beneficiary, until his youngest child (his daughter) reached the age of 22 years.

16.    Upon information and belief, in or about the Spring of 2006, Marc Memoli had become disabled due to the effects of advancing prostate cancer, and he remained so disabled until his death.

17.    Upon information and belief, largely as a result of his deteriorating health, Marc's financial condition also began deteriorating in the Spring of 2006, and he was struggling to pay his bills, including his child support payments.

-3-

18.     Concerned that Marc might not be able to maintain payment of required contributions on the Policy, in or about the late Spring or early Summer of 2006, the plaintiff contacted a representative of AICPA Insurance Trust ("the Agent") via telephone, on a telephone provided to her by the AICPA.

19.     Upon information and belief, the Agent was employed by Affinity, in offices located at 159 East County Line Road, Hatboro, Pennsylvania, and at all times was acting as an agent for Affinity, the AICPA Insurance Trust and Prudential.

20.     In her telephone conversation with the Agent, the plaintiff informed the Agent that she was the beneficiary under the Policy, that under the terms of her divorce, Marc was required to maintain the Policy, naming the plaintiff as the primary beneficiary, and that it was vitally important that the Policy be maintained, because in the event of Marc's death, the Policy would (among other things) supplant the child support payments. The plaintiff further requested that she be notified in the event Marc failed to make any contribution, and that she make sure that the contribution was paid prior to any lapse or termination.

21     The Agent stated to the plaintiff, in substance, that she had no right to any of the information that she was requesting, that there was no way that the defendants would, or could, provide her with information that she was requesting, and that she could not make the contribution payments on the Policy. Collectively these statements are referred to as "the Agent's Representations."

22.     The defendant failed and refused to entertain the plaintiff's reasonable inquires and requests for information, and never notified the plaintiff that any contribution which the defendant considered necessary to maintain the Policy was not timely made.

-4-

23.    By the Summer of 2006, Marc was gravely ill.  Upon information and belief, the contributions required to maintain the Policy were *de minimis* in comparison with benefit payment, and the plaintiff would readily have paid any required contributions to maintain the Policy herself, if she had been able find out that any such contributions were unpaid.

24.    Marc died on January 26, 2007.  At that time —and to the date of this complaint-— his daughter with plaintiff had not reached the age of 22 years.

25.    By letter, dated February 12, 2007, the AICPA Insurance Trust informed the plaintiff that according to their records, the Policy "was cancelled September 12, 2006 due to non-payment."

26.    Thus, upon information and belief,  after receiving and retaining the benefit of over 20 years worth of contributions on the Policy — as a benefit of their failure and refusal  to properly and truthfully respond to the reasonable inquiries and requests of the named beneficiary of the Policy (ie. plaintiff)— the  defendants' have ostensibly escaped their obligation to pay  the benefit on the Policy.

27.    Since February 12, 2007, the plaintiff has attempted —by telephone and in writing— :o obtain the relevant "records" concerning the purported cancellation from the AICPA Insurance Trust and its agents.  However, the AICPA Insurance Trust and its agents have refused her requests.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

28.    Upon information and belief, the defendants' purported termination of coverage

-5-

under the Policy for non-payment of contribution, was contrary to applicable law including, but not limited to, the provisions of Section 3211 of the *Insurance Law*. Upon information and belief, the defendants failed comply with the notice provisions of *Insurance Law* §3211.

29.    Moreover, upon information and belief, at all relevant times the Policy contained a provision under which payments of any contributions required to maintain the Policy were to be waived during any period when Marc was disabled ("the Disability Waiver").

30.    Upon information and belief, in or about the Spring of 2006, Marc became disabled to the extent that the Disability Waiver became applicable, and he remained so disabled until his death.

31.    Upon information and belief, the defendants were notified of Marc's disability in or about the Spring of 2006.

32.    Upon information and belief, all contributions required to maintain the Policy were made.

33.    Upon information and belief, any contributions otherwise required to maintain the Policy which were not paid, were waived, or should have been waived, under the Disability Waiver.

34.    As a result of the forgoing the Policy was, or should have been, in full force and effect at the time of Marc's death.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT (INSURANCE POLICY)

35.    The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as if set forth fully herein.

36.    Following Marc's death, the defendant was obligated to pay a benefit to the plaintiff

-6-

under the Policy.

37.    The defendant was duly notified of Marc's death, but has failed and refused to pay any benefit to the plaintiff.

38.    By reason of the foregoing, the defendant has breached its obligations under the Policy, and the plaintiff has suffered damages as a consequence thereof.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH

39.    The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as if set forth fully herein.

40.    Implied in every contract is a covenant of good faith and fair dealing.

41.    The covenant of good faith and fair dealing requires that contracting parties will not take any action which will have the effect of destroying the rights of the other party to receive the benefit of the contract.

42.    Upon information and belief, the aforementioned Agent's Representations were all false.

43.    The defendants' actions had the effect of destroying the rights of the plaintiff to receive the benefit of the Policy.

44.    By reason of the foregoing, the defendant has breached the implied covenant of good faith and fair dealing, and the plaintiff has suffered damages as a consequence thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

45.    The plaintiff repeats and realleges each and every allegation contained in

-7-

paragraphs "1" through "44" as if set forth fully herein.

46.    The defendants had a duty to be truthful and accurate in their communications with the plaintiff.

47.    The defendants breach their duty to be truthful and accurate in their communications with the plaintiff.

48.    The plaintiff reasonably believed that the Agent's Representations were true.

49.    In reasonable reliance upon the truth and accuracy of the Agent's Representations, the plaintiff took no further actions to obtain from defendants information concerning whether any required contributions were outstanding, and made no attempt to pay such contributions.

50.    Upon information and belief, in or about September 2006, the defendant terminated coverage under the Policy purportedly for non-payment of contribution.

51.    If the defendants been truthful and accurate in their aforementioned communications with the plaintiff, the plaintiff could have, and would have, paid any unpaid contribution necessary to maintain the Policy.

52.    By reason of the foregoing the plaintiff has suffered damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

53.    The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "52" as if set forth fully herein.

54.    Upon information and belief, the defendants knew that the Agent's Representations were false, inaccurate and deceptive.

55.    Upon information and belief, the defendants knowingly and intentionally made

-8-

the Agent's Representations to the plaintiff —and failed to correct them— in an effort to mislead her and thereby avoid payment of the benefit on the Policy.

56.    By reason of the foregoing the plaintiff has suffered damages.

WHEREFORE, the plaintiff demands a judgment against the defendants as follows:

(1)    Upon her first cause of action a judgment declaring and adjudging that the Policy is in full force and effect, and awarding her the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;

(2)    Upon her second cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;

(3)    Upon her third cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;    (4)    Upon her forth cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper; and

(5)    Upon her fifth cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007,, plus punitive damages in the amount of $10,000,000.00, plus the costs and disbursements of this

-9-

action, together with any further relief as the Court may deem just and proper.

Dated: Larchmont, New York
       February 12, 2008

                             McMILLAN, CONSTABILE, MAKER & PERONE, LLP

                 By: _____
                           John M. Perone, Esq.

                   *Attorneys for the plaintiff*
                   2180 Boston Post Road
                   Larchmont, New York 10538
                   914-834-3500

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
03/06/2008
CT Log Number 513163830

RECEIVED

MAR - 7 2008

T. HAYNES

TO:    Christine Gillen
       The Prudential Insurance Company of America
       Legal Department, 751 Broad St, 4th Floor
       Newark, NJ 07102

RE:    **Process Served in New York**

FOR:   The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Patricia Memoli, Pltf. vs. JP Morgan Chase Bank, N.A., etc., et al. including Prudential Insurance Company of America, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Complaint |
| COURT/AGENCY: | Westchester County: Supreme Court, NY Case # 08-03281 |
| NATURE OF ACTION: | Insurance Litigation - Policy benefits claimed for breach of contract - Failure to pay policy benefits |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Regular Mail on 03/06/2008 postmarked on 03/03/2008 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after the service is complete |
| ATTORNEY(S) / SENDER(S): | John M. Perone McMillan, Constable, Maker & Perone, LLP 2180 Boston Post Road Larchmont, NY 10538 914-834-3500 |
| REMARKS: | Papers were served on the New York State Insurance Department on 2/28/08. |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790955304859 Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| SIGNED: | C T Corporation System |
| PER: | Christopher Tilton |
| ADDRESS: | 111 Eighth Avenue New York, NY 10011 |
| TELEPHONE: | 212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of Westchester

......................................................................................................................                    08-03281

Patricia Memoli

                  against                 Plaintiff(s)

JPMorgan Chase Bank, N.A. etc., and
Prudential Insurance Company of America       .     Defendant(s)

......................................................................................................................

RE :  Prudential Insurance Company of America

Attorney for Plaintiff(s) and Defendant  please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of
Summons and Complaint in the above entitled action on February 28, 2008 at New York,
New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

       McMillan, Constable, Maker & Perone, LLP
       Attorneys at Law
       2180 Boston Post Road
       Larchmont,  New York 10538
Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby
notified of service as effected above. A copy of the paper is enclosed.

Duplicate to  Defendant :

       CT Corporation
       Prudential Insurance Company of America
       111 8th Avenue
       New York,  New York 10011

*Clark J. Williams*

by Clark J. Williams
Special Deputy Superintendent

Dated Albany, New York, February 29, 2008
428101      C.A.#190148

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------------X
Patricia Memoli,

                    Plaintiff,                                          Index No. 08-03281

          -against-

                                        FEB 13 2008                    SUMMONS

                                        TIMOTHY C. IDONI
JPMorgan Chase Bank, N.A., as Trustee for          COUNTY CLERK
The American Institute of Certified Public          COUNTY OF WESTCHESTER         Plaintiff's Address:
Accountants Insurance Trust,                                            1255 North Ave.
The Prudential Insurance Company of America and                         New Rochelle, NY
Affinity Insurance Services, Inc.

2-28-2008
  DL

                    Defendants.
--------------------------------------------------------------------X

          You hereby are summoned and required to serve upon the plaintiff's attorneys an answer to

the complaint in this action within twenty (20) days after the service of this summons and complaint,

exclusive of the day of service, or within thirty (30) days after service is complete if this summons

and complaint is not personally delivered to you within the State of New York.  In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

complaint.

          The basis of venue is plaintiff resides in Westchester County.

Dated: Larchmont, New York
          February 12, 2008

                                        MCMILLAN, CONSTABILE, MAKER & PERONE, LLP


          By:    _____
                         John M. Perone, Esq.
                    Attorneys for the plaintiff
                    2180 Boston Post Road
                    Larchmont, New York 10538
                    914-834-3500

<u>Defendant's Addresses:</u>

**JPMorgan Chase Bank, N.A , as Trustee for**
**The American Institute of Certified Public**
**Accountants Insurance Trust**
270 Park Ave, 8th Floor,
New York, New York, 10017


**The Prudential Insurance Company of America**
 213 Washington Street 9th Floor Newark, NJ  07102-2992
(Service on NYS Superintendent of Insurance:
Office of General Counsel
25 Beaver Street, 4th Floor
New York, NY 10004
                    or
Corporate Affairs Bureau
One Commerce Plaza, 20th Floor
Albany, NY 12257

**Affinity Insurance Services, Inc.**
200 E Randolph Street, Chicago, Illinois, 60601
(Service on designated agent:
Corporation Service Company
80 State Street
Albany, NY 12207-2543)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
Patricia Memoli,

               Plaintiff,

        -against-

JPMorgan Chase Bank, N.A , as Trustee for
The American Institute of Certified Public
Accountants Insurance Trust,
The Prudential Insurance Company of America and
Affinity Insurance Services, Inc.

            Defendants.
-------------------------------------------------------------------x

Index No. _08-03281_

**COMPLAINT**

∙ ∙ ✓ED

FEB 1 3 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

       The plaintiff, Patricia Memoli, by her undersigned attorneys, alleges as follows:

<u>THE PARTIES</u>

      1.     The plaintiff, Patricia Memoli,  is an individual residing at 1255 North Ave., New

Rochelle, NY, in the County of Westchester, State of New York.

      2.     Upon information and belief, the American Institute of Certified Public Accountants

Insurance Trust ("AICPA Insurance Trust"), is trust established in 1947 under the laws of the State

of Pennsylvania, to serve the individual members of the American Institute of Certified Public

Accountants ("AICPA"), their spouses, and children.

      3.     Upon information and belief, the trustee of the AICPA Insurance Trust is JPMorgan

Chase Bank, N.A.

      4.     Upon information and belief, JPMorgan Chase Bank, N.A. is a corporation

created under the laws of the State of Delaware, authorized to conduct business in the State of New

York, and having its principal place of business at 270 Park Ave, 8th Floor, New York, New York,

10017.  JPMorgan Chase Bank, N.A. is named as a defendant and sued in this action solely in its

capacity as trustee of the AICPA Insurance Trust.

    5.     On information and belief, the defendant, The Prudential Insurance Company

of America ("Prudential") is a corporation organized and existing under the laws of the State of New

Jersey, which is licensed and authorized by the New York State Insurance Department to writes lines

of insurance, including life insurance, in the State of New York, and has its principal place of

business at 213 Washington Street 9th Floor Newark, NJ  07102-2992.

    6.     Upon information and belief defendant, Affinity Insurance Services, Inc.

("Affinity") is a corporation created and existing under the laws of the State of Pennsylvania, which

is authorized to conduct business in the State of New York, and has its principal place of business

at 200 E Randolph Street, Chicago, Illinois, 60601

    7.     Upon information and belief, Affinity Insurance Services, Inc. is the Plan Agent

for the AICPA Insurance Trust. At all alleged herein, Affinity was acting as an agent of both AICPA

Insurance Trust and Prudential.

BACKGROUND

    8.     The plaintiff is the former spouse of Marc Memoli (hereinafter "Marc").  The

plaintiff and Marc were married on September 3, 1972, and during their marriage, they had two

children together:  A son, born April 16, 1980, and a daughter, born May 6, 1987.

    9.     Upon information and belief, at all relevant times Marc was a member of the

AICPA.

    10.    Upon information and belief, the AICPA is the national, professional association of

-2-

Certified Public Accountants, including CPAs in business and industry, public practice, government, and education; student affiliates; and international associates.

11.    Upon information and belief, the AICPA Insurance Trust was established in 1947. It serves individual members of the AICPA, their spouses, and children. Through the AICPA Insurance Trust Term Life Insurance, Group Variable Universal Life Insurance, Long Term Disability Income benefits, and Long Term Care coverage plans are available

12.    Upon information and belief, at some time prior to September 2006, Marc procured a certain life insurance policy ("the Policy") which was offered and administered by the AICPA Insurance Trust through it agent Affinity, and was underwritten and issued by defendant Prudential.

13.    Upon information and belief, at all relevant times, the Policy named the plaintiff as the primary beneficiary.

14.    The plaintiff was divorced from Marc in 1992.

15.    Under the terms of the judgment of divorce, among other things, Marc was required to make child support payments to the plaintiff and to maintain the Policy, naming the plaintiff as the primary beneficiary, until his youngest child (his daughter) reached the age of 22 years.

16.    Upon information and belief, in or about the Spring of 2006, Marc Memoli had become disabled due to the effects of advancing prostate cancer, and he remained so disabled until his death.

17.    Upon information and belief, largely as a result of his deteriorating health, Marc's financial condition also began deteriorating in the Spring of 2006, and he was struggling to pay his bills, including his child support payments.

-3-

18.    Concerned that Marc might not be able to maintain payment of required contributions on the Policy, in or about the late Spring or early Summer of 2006, the plaintiff contacted a representative of AICPA Insurance Trust ("the Agent") via telephone, on a telephone provided to her by the AICPA.

19.    Upon information and belief, the Agent was employed by Affinity, in offices located at 159 East County Line Road, Hatboro, Pennsylvania, and at all times was acting as an agent for Affinity, the AICPA Insurance Trust and Prudential.

20.    In her telephone conversation with the Agent, the plaintiff informed the Agent that she was the beneficiary under the Policy, that under the terms of her divorce, Marc was required to maintain the Policy, naming the plaintiff as the primary beneficiary, and that it was vitally important that the Policy be maintained, because in the event of Marc's death, the Policy would (among other things) supplant the child support payments. The plaintiff further requested that she be notified in the event Marc failed to make any contribution, and that she make sure that the contribution was paid prior to any lapse or termination.

21.    The Agent stated to the plaintiff, in substance, that she had no right to any of the information that she was requesting, that there was no way that the defendants would, or could, provide her with information that she was requesting, and that she could not make the contribution payments on the Policy.    Collectively these statements are referred to as "the Agent's Representations."

22.    The defendant failed and refused to entertain the plaintiff's reasonable inquires and requests for information, and never notified the plaintiff that any contribution which the defendant considered necessary to maintain the Policy was not timely made.

-4-

23.    By the Summer of 2006, Marc was gravely ill. Upon information and belief, the contributions required to maintain the Policy were *de minimis* in comparison with benefit payment, and the plaintiff would readily have paid any required contributions to maintain the Policy herself, if she had been able find out that any such contributions were unpaid.

24.    Marc died on January 26, 2007. At that time —and to the date of this complaint— his daughter with plaintiff had not reached the age of 22 years.

25.    By letter, dated February 12, 2007, the AICPA Insurance Trust informed the plaintiff that according to their records, the Policy "was cancelled September 12, 2006 due to non-payment."

26.    Thus, upon information and belief, after receiving and retaining the benefit of over 20 years worth of contributions on the Policy — as a benefit of their failure and refusal to properly and truthfully respond to the reasonable inquiries and requests of the named beneficiary of the Policy (ie. plaintiff)— the defendants' have ostensibly escaped their obligation to pay the benefit on the Policy.

27.    Since February 12, 2007, the plaintiff has attempted —by telephone and in writing— to obtain the relevant "records" concerning the purported cancellation from the AICPA Insurance Trust and its agents. However, the AICPA Insurance Trust and its agents have refused her requests.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

28.    Upon information and belief, the defendants' purported termination of coverage

-5-

under the Policy for non-payment of contribution, was contrary to applicable law including, but not limited to, the provisions of Section 3211 of the *Insurance Law*. Upon information and belief, the defendants failed comply with the notice provisions of *Insurance Law* §3211.

29.     Moreover, upon information and belief, at all relevant times the Policy contained a provision under which payments of any contributions required to maintain the Policy were to be waived during any period when Marc was disabled ("the Disability Waiver").

30.     Upon information and belief, in or about the Spring of 2006, Marc became disabled to the extent that the Disability Waiver became applicable, and he remained so disabled until his death.

31.     Upon information and belief, the defendants were notified of Marc's disability in or about the Spring of 2006.

32.     Upon information and belief, all contributions required to maintain the Policy were made.

33.     Upon information and belief, any contributions otherwise required to maintain the Policy which were not paid, were waived, or should have been waived, under the Disability Waiver.

34.     As a result of the forgoing the Policy was, or should have been, in full force and effect at the time of Marc's death.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT (INSURANCE POLICY)

35.     The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as if set forth fully herein.

36.     Following Marc's death, the defendant was obligated to pay a benefit to the plaintiff

-6-

under the Policy.

37.     The defendant was duly notified of Marc's death, but has failed and refused to pay any benefit to the plaintiff.

38.     By reason of the foregoing, the defendant has breached its obligations under the Policy, and the plaintiff has suffered damages as a consequence thereof.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH

39.     The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as if set forth fully herein.

40.     Implied in every contract is a covenant of good faith and fair dealing.

41.     The covenant of good faith and fair dealing requires that contracting parties will not take any action which will have the effect of destroying the rights of the other party to receive the benefit of the contract.

42.     Upon information and belief, the aforementioned Agent's Representations were all false.

43.     The defendants' actions had the effect of destroying the rights of the plaintiff to receive the benefit of the Policy.

44.     By reason of the foregoing, the defendant has breached the implied covenant of good faith and fair dealing, and the plaintiff has suffered damages as a consequence thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

45.     The plaintiff repeats and realleges each and every allegation contained in

-7-

paragraphs "1" through "44" as if set forth fully herein.

46.    The defendants had a duty to be truthful and accurate in their communications with the plaintiff.

47.    The defendants breach their duty to be truthful and accurate in their communications with the plaintiff.

48.    The plaintiff reasonably believed that the Agent's Representations were true.

49.    In reasonable reliance upon the truth and accuracy of the Agent's Representations, the plaintiff took no further actions to obtain from defendants information concerning whether any required contributions were outstanding, and made no attempt to pay such contributions.

50.    Upon information and belief, in or about September 2006, the defendant terminated coverage under the Policy purportedly for non-payment of contribution.

51.    If the defendants been truthful and accurate in their aforementioned communications with the plaintiff, the plaintiff could have, and would have, paid any unpaid contribution necessary to maintain the Policy.

52.    By reason of the foregoing the plaintiff has suffered damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

53.    The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "52" as if set forth fully herein.

54.    Upon information and belief, the defendants knew that the Agent's Representations were false, inaccurate and deceptive.

55.    Upon information and belief, the defendants knowingly and intentionally made

-8-

the Agent's Representations to the plaintiff —and failed to correct them— in an effort to mislead her and thereby avoid payment of the benefit on the Policy.

    56.      By reason of the foregoing the plaintiff has suffered damages.

     WHEREFORE, the plaintiff demands a judgment against the defendants as follows:

     (1)      Upon her first cause of action a judgment declaring and adjudging that the Policy is in full force and effect, and awarding her the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;

     (2)      Upon her second cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;

     (3)      Upon her third cause of action, a judgment in her favor and against the defendants jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper;      (4)      Upon her forth cause of action, a judgment in her favor and against the defendants,

jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007, plus the costs and disbursements of this action, together with any further relief as the Court may deem just and proper; and

     (5)      Upon her fifth cause of action, a judgment in her favor and against the defendants, jointly and severally, in the amount of $750,000.00 with interest thereon from January 26, 2007,, plus punitive damages in the amount of $10,000,000.00, plus the costs and disbursements of this

-9-

action, together with any further relief as the Court may deem just and proper.

Dated: Larchmont, New York
      February 12, 2008

McMillan, Constabile, Maker & Perone, LLP

By:      _John M. Perone, Esq._
                  John M. Perone, Esq.

*Attorneys for the plaintiff*
2180 Boston Post Road
Larchmont, New York 10538
914-834-3500

-10-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served upon counsel for Plaintiff, John M. Perone, Esq., and upon counsel for Defendant Affinity Insurance Services, Inc., by regular U.S. mail, postage prepaid, this 26th day of March, 2008, upon the following:

John M. Perone, Esq.
2180 Boston Post Road
Larchmont, New York 10538
Attorney for Plaintiff

Sue C. Jacobs. Esq.
Goodman & Jacobs, LLP
75 Broad Street, 30th Floor
New York, NY 10004
Attorneys for Affinity Insurance Services, Inc.

Aimee P. Levine