**GOODMAN & JACOBS LLP**
75 BROAD STREET – 30TH FLOOR
NEW YORK, NEW YORK 10004

----------

(212) 385-1191
FAX: (212) 385-1770 (not for service)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

April 8, 2008

BY FACSIMILE
(914) 390-4152

**MEMO ENDORSED**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:  Patricia Memoli v. JP Morgan Chase
         Bank N.A. as Trustee for the American
         Institute of Certified Public
         Accountants Insurance Trust, et al.
         08 CV 03064 (KMK) (GAY)

Dear Judge Karas:

    We represent defendant Affinity Insurance Services, Inc. ("Affinity") in the above-captioned action. Pursuant to your Honor's Individual Rules of Practice, we write to request a pre-motion conference in connection with a contemplated motion pursuant to Rules 9(b) and 12(b)(6) to dismiss plaintiff's fraud claim and demand for punitive damages. Ms. Dawn Bordes authorized the submission of this request by fax.

    The Complaint's allegations are not sufficiently particular to satisfy the requirements of Rule 9(b). The portion of the ad damnum clause seeking punitive damages must be dismissed because the alleged conduct is not of such an "egregious nature" and the Complaint does not allege that it was part of a pattern directed at the public generally as to warrant the imposition of punitive damages as a matter of law.

The Complaint

    This is an action by the beneficiary of a life insurance policy to recover benefits upon the death of the insured. Plaintiff alleges that she is the former spouse of Marc Memoli and that the terms of their divorce required Marc to maintain a life insurance policy which named plaintiff as beneficiary until their oldest child reached age 22. (Complt. ¶¶ 8, 14, 15). The Complaint states that Marc died on January 24, 2007 and that defendants refused to pay benefits under the life insurance policy on the grounds the policy was cancelled for non-payment of premiums. (Id. ¶¶ 24, 25)

GOODMAN & JACOBS LLP

Hon. Kenneth M. Karas
April 8, 2008
Page 2

    Plaintiff alleges that before Marc died he became disabled. (Id. ¶¶ 16, 17) With respect to her fraud claim, plaintiff claims that "in or about the late Spring or early Summer of 2006" she telephoned an unidentified representative of the AICPA Insurance Trust and requested information concerning Marc's life insurance policy. (Id. ¶¶ 18, 19). She alleges that she told the Agent, inter alia, that the divorce terms required Marc to maintain the policy with her as beneficiary and requested that she be notified if Marc failed to pay the premiums. (Id. ¶ 20).

    She further alleges:

> The Agent stated to the plaintiff, in substance, that she had no right to any of the information that she was requesting, that there was no way that the defendants would, or could, provide her with information that she was requesting, and that she could not make the contribution payments on the Policy. Collectively these statements are referred to as "the Agent's Representations."

(Id. ¶ 21).

    Based on these allegations plaintiff asserts a claim for "intentional misrepresentation." (Id. ¶¶ 54-56). In conclusory fashion, plaintiff recites the elements of common law fraud. The Complaint demands punitive damages in connection with the fraud claim.

Basis for the Motion

    Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of a person may be averred generally."[1] The Second Circuit has read Rule 9(b) to require that a complaint alleging fraud must: i) specify the statements that the plaintiff contends were fraudulent; ii) identify the speaker; iii) state where and when the statements were made; and iv) explain why the statements were fraudulent. Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004). The pleading must be sufficiently particular to serve the three goals of Rule 9(b) which are: i) to provide a defendant with fair notice of the claims against it; ii) to protect a defendant from harm to its reputation or goodwill by unfounded allegations of fraud; and iii) to reduce the number of strike suits. DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). While scienter may be averred, generally "plaintiffs are still required to plead the factual

---

[1] The particularity requirements of Rule 9(b) apply to actions removed from a New York State court. See e.g., Reiser v. Fitzmaurice, 1996 WL 54326 *8-9 (S.D.N.Y. 1996); Longlio Associates Incorporated v. LBK Marketing Corp., 892 F. Supp. 89, 91 (S.D.N.Y. 1995). The pleading requirements of Rule 9(b) are analogous to those required by New York's CPLR Rule 3016(b). See e.g., NMIQ LLC v. McVeigh, 2004 WL 2827618*7 (S.D.N.Y. 2004); Excel Electronics and Photo Corp. v. Aetna Casualty and Surety Co., 1991 WL 259257*6 (S.D.N.Y. 1991).

GOODMAN & JACOBS LLP

Hon. Kenneth M. Karas
April 8, 2008
Page 3

basis which give rise to a strong inference of fraudulent intent." <u>Flutie Brothers v. Hayes</u>, 2006 WL 1379594*8 (S.D.N.Y. 2006)(citations omitted).

Under New York law,[2] punitive damages may not be recovered based on an insurer's refusal to pay first-party benefits unless: i) the conduct is "gross," "morally reprehensible" and of "such wanton dishonesty as to imply criminal indifference to civil obligations"; and ii) the conduct is part of a pattern directed at the public generally. <u>Rocanova v. Equitable Life Assurance Society</u>, 83 N.Y.2d 603, 612 N.Y.S.2d (1994). Failure to set forth sufficient factual allegations warrants dismissal. <u>AD Rendon Communications, Inc. v. Lumina Americas, Inc.</u>, 2007 WL 29625*8 (S.D.N.Y. 2007).

We respectfully submit that the Complaint does not satisfy these requirements. Plaintiff does not allege the precise date of the allegedly false representations or explain how the statements were fraudulent. There are no allegations from which one could infer an intent to deceive plaintiff. Because Marc was alive at the time of the alleged telephone call, a stronger inference would be that it would have been in defendants' interest for policy premiums to be paid. The Complaint does not allege that the defendants had a copy of the divorce decree or that plaintiff was the owner of the policy. The Complaint sets forth no facts to infer that the alleged conduct was directed at the public generally or that it was sufficiently egregious to warrant punitive damages.

Affinity respectfully requests the scheduling of a pre-motion conference.

Respectfully submitted,

Thomas J. Cirone (TC1510)

cc: Aimee P. Levine, Esq. (by fax)
d'Arcambal, Levine & Ousley, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
Fax: (212) 971-3176

Gary Kyme, Esq. (by fax)
McMillan, Constabile,
  Maker & Perone, LLP
2180 BostonPost Road
Larchmont, New York 10538
Fax: (914) 834-0620

*[handwritten note:]* The Court will hold a pre-motion conference on May 12, 2008, at 11:30. All deadlines are stayed until then.
SO ORDERED.
KENNETH M. KARAS U.S.D.J.
4/14/08

---

[2] At this stage of the proceedings and based on the information available to it, Affinity acknowledges that New York law applies to this action, but it reserves its right to challenge the applicability of New York law should further discovery warrant.