Aimee P. Levine
Michelle J. d'Arcambal
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Defendants
JP Morgan Chase Bank, N.A., as Trustee
for The American Institute of Certified Public
Accountants Insurance Trust,
The Prudential Insurance Company of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————X

**PATRICIA MEMOLI,**

                **Plaintiff,**

             - against –

**JP MORGAN CHASE BANK, N.A., AS TRUSTEE**
**FOR THE AMERICAN INSTITUTE OF CERTIFIED**
**PUBLIC ACCOUNTANTS INSURANCE TRUST,**
**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA AND AFFINITY INSURANCE**
**SERVICES, INC.,**

                **Defendants.**
———————————————————————X

CA No. 08 CV 03064
(KMK) (GAY)

**ANSWER**

Defendants, JPMorgan Chase Bank, N.A. ("JP Morgan"), as Trustee for the American Institute of Certified Public Accountants Insurance Trust ("AICPA"), and The Prudential Insurance Company of America ("Prudential") (collectively "Defendants"), by and through their attorneys, d'Arcambal, Levine & Ousley, LLP, answering the Complaint herein, state as follows:

    1.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint and thereby deny the same.

2. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint and thereby deny the same.

3. Admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendant JP Morgan denies the allegations set forth in paragraph 4 of the Complaint, and affirmatively states that JPMorgan Chase Bank, National Association, is a national banking association with its main office in Columbus, Ohio. Defendants make no response to the allegation set forth in paragraph 4 of the Complaint regarding Plaintiff's reasons for naming JP Morgan as a defendant in this action.

5. Defendant Prudential denies the allegations set forth in paragraph 5 of the Complaint, except admits that it is a corporation incorporated under the laws of New Jersey, with its principal place of business in New Jersey, and is licensed and authorized by the New York State Insurance Department to conduct business in the State of New York.

6. As this paragraph is not directed to Defendants JP Morgan or Prudential, these Defendants do not issue a response to this paragraph.

7. Deny the allegations set forth in paragraph 7 of the Complaint, expect admit that Affinity is the Plan Agent for the AICPA Insurance Trust.

## BACKGROUND

8. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint and thereby deny the same.

9. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint and thereby deny the same.

10. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint and thereby deny the same.

11. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, except admit that the AICPA Insurance Trust offers various group insurance products.

12. Deny the allegations set forth in paragraph 12 of the Complaint, except admit that a certificate of coverage under Group Policy No. GO-14273 (the "Group Policy") was issued to Marc Memoli (hereinafter "Decedent") prior to September, 2006, and that the Group Policy is and was underwritten by Prudential.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that Plaintiff was named as the beneficiary under the certificate of coverage issued to the Decedent, and further affirmatively state that the coverage under the certificate was terminated in September, 2006, for non-payment of premiums.

14. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint and thereby deny the same.

15. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint and thereby deny the same.

16. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint and thereby deny the same.

17. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint and thereby deny the same.

18. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint and thereby deny the same.

19. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint and thereby deny the same.

20. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint and thereby deny the same.

21. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint and thereby deny the same.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint and thereby deny the same.

24. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint and thereby deny the same, except admit the Decedent died on January 26, 2007.

25. Deny the allegations set forth in paragraph 25 of the Complaint, except admit that a letter was issued on February 12, 2007, and respectfully refer the Court to the letter for its contents.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint and thereby deny the same, and further deny any implication of wrongdoing by Defendants.

### FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint, and further affirmatively state that the Decedent's certificate of coverage did not contain disability waiver of contribution coverage.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 30 of the Complaint, and further affirmatively state that the Decedent's certificate of coverage did not contain disability waiver of contribution coverage.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT (INSURANCE POLICY)

35. Defendants JP Morgan and Prudential repeat and reallege the responses to paragraphs "1" through "34" above as if herein fully set forth.

36. Deny the allegation set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint, except admit that Defendants were informed of the Decedent's death, and affirmatively state that liability for benefits under the certificate of coverage was denied because coverage terminated in September, 2006, for non-payment of premiums.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

## THIRD CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH

39. Defendants JP Morgan and Prudential repeat and reallege the responses to paragraphs "1" through "38" above as if herein fully set forth.

40. Make no response to the allegations set forth in paragraph 40 of the Complaint as they set forth legal conclusions to which no response is required.

41. Make no response to the allegations set forth in paragraph 41 of the Complaint as they set forth legal conclusions to which no response is required.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

45. Defendants JP Morgan and Prudential repeat and reallege the responses to paragraphs "1" through "44" above as if herein fully set forth.

46. Make no response to the allegations set forth in paragraph 46 of the Complaint as they set forth legal conclusions to which no response is required and therefore deny the same, and further affirmatively state that Defendants owe no common law or other legal duty to Plaintiff.

47. Deny the allegations set forth in paragraph 47 of the Complaint, and affirmatively state that Defendants owe no common law or other legal duty to Plaintiff and thus there can be no breach of any alleged "duty," and further deny that Defendants and/or their alleged agents were other than truthful and accurate in any communications they may have had with Plaintiff.

48. Deny the allegations set forth in paragraph 48 of the Complaint, and further deny the implication contained in the allegations set forth in paragraph 48 that Defendants and/or their alleged agents were other than truthful and accurate in any communications they may have had with Plaintiff.

49. Deny the allegations set forth in paragraph 49 of the Complaint,

50. Admit the allegations set forth in paragraph 50 of the Complaint.

51. Deny the allegations set forth in paragraph 51 of the Complaint, and further deny the implication contained in the allegations set forth in paragraph 51 that Defendants and/or their

alleged agents were other than truthful and accurate in any communications they may have had with Plaintiff.

52. Deny the allegation set forth in paragraph 52 of the Complaint.

### FOURTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

53. Defendants JP Morgan and Prudential repeat and reallege the responses to paragraphs "1" through "52" above as if herein fully set forth.

54. Deny the allegation set forth in paragraph 54 of the Complaint, and further deny the implication contained in the allegations set forth in paragraph 54 that Defendants and/or their alleged agents were other than truthful and accurate in any communications they may have had with Plaintiff.

55. Deny the allegation set forth in paragraph 55 of the Complaint, and further deny the implication contained in the allegations set forth in paragraph 55 that Defendants and/or their alleged agents were other than truthful and accurate in any communications they may have had with Plaintiff.

56. Deny the allegation set forth in paragraph 56 of the Complaint.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Defendants JP Morgan and Prudential have complied with all of their legal and contractual obligations under the insurance policy, the AICPA Insurance Trust, and applicable law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.   The Decedent's certificate of coverage under the policy did not provide for disability waiver of contribution coverage, and, accordingly, such coverage was not available pursuant to terms and conditions of the policy.

### .AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiff's claim for $750,000 in damages fails as the Decedent's certificate of coverage did not provide for coverage in this amount.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.   Plaintiff was not the owner of the policy and had no contractual or legal right to any information relating thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.   Defendants JP Morgan and Prudential had no duty to disclose information regarding the Decedent's coverage under the policy to Plaintiff, and acted in accordance with all of their legal and contractual obligations under the insurance policy, the AICPA Insurance Trust, and applicable law in refusing to disclose any information regarding the policy to anyone other than the participant, including Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.   The Complaint is not pled with the particularity required by Fed. R. Civ. P. 9(b).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.   Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. The Decedent's coverage under the policy lapsed for non-payment of premiums pursuant to the terms and conditions of the policy.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants have complied with all applicable laws, including but not limited to any obligation under the New York Insurance Law regarding notice provisions with respect to lapsed policies.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. The claims for compensatory damages are barred by Plaintiff's failure to establish either wrongdoing or proximate cause, and because the injuries and damages purportedly incurred by Plaintiff are not the result of any wrongful acts, omissions, or other conduct of Defendants JP Morgan, Prudential and/or their alleged agents.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint is barred by Plaintiff's and/or the Decedent's contributory negligence.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to mitigate damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants JP Morgan and Prudential have no common law duty as alleged in the Complaint, and therefore did not breach any such alleged duty.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.     Any statements allegedly made by Defendants and/or their alleged agents to Plaintiff regarding the Policy were not false.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Any statements allegedly made by Defendants and/or their alleged agents to Plaintiff regarding the Policy were not made with the intent to deceive Plaintiff.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has not reasonably relied upon any statements allegedly made by Defendants and/or their alleged agents regarding the Policy.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19.     The Complaint fails in whole or in part because Defendants JP Morgan and Prudential were guided by and strictly observed all of their legal duties and obligations by operation of law or otherwise.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff has failed to state a claim for punitive damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendants JP Morgan and Prudential reserve the right to rely upon such other and further affirmative defenses as may be supported by the facts as determined by full discovery.

**WHEREFORE,** Defendants JP Morgan and Prudential respectfully requests judgment in their favor as follows:

    a) Dismissal of all the Causes of Action and the Complaint in its entirety with prejudice, including dismissal with prejudice of all claims for compensatory damages, costs, disbursements and punitive damages, and other relief;

    b) Recovery of all awardable costs and disbursements that Defendants JP Morgan and Prudential incur in defending this Complaint; and

    c) Such other and further relief as the Court may deem appropriate and proper to award to Defendants JP Morgan and Prudential.

Dated: June 11, 2008  
       New York, New York

**d'ARCAMBAL, LEVINE & OUSLEY, LLP**

By: /s/ Aimee P. Levine  
    Aimee P. Levine

40 Fulton Street, Suite 1005  
New York, New York 10038  
(212) 971-3175  
(212) 971-3176 (Facsimile)

Attorneys for Defendants  
JP Morgan Chase Bank, N.A., as Trustee  
for The American Institute of Certified Public  
Accountants Insurance Trust,  
The Prudential Insurance Company of America

TO:   Gary Kyme, Esq.  
       McMillan, Constabile, Maker and Perone, LLP  
       2180 Boston Post Road  
       Larchmont, New York 10538

       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2008, I caused a true and correct copy of the foregoing Answer to be served upon counsel for all parties by regular U.S. mail, postage prepaid, at the following addresses:

>Gary Kyme, Esq.
>McMillan, Constabile, Maker and Perone, LLP
>2180 Boston Post Road
>Larchmont, New York 10538
>Attorneys for Plaintiff
>
>Sue C. Jacobs. Esq.
>Goodman & Jacobs, LLP
>75 Broad Street, 30th Floor
>New York, NY 10004
>Attorneys for Affinity Insurance Services, Inc.

>/s/ Aimee P. Levine
>Aimee P. Levine