```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PATRICIA MEMOLI,

                        Plaintiff,
                                                    08 CV 03064 (KMK)(GAY)
        -against-

JP MORGAN CHASE BANK, M.A., AS TRUSTEE
FOR THE AMERICAN INSTITUTE OF CERTIFIED              ANSWER
PUBLIC ACCOUNTANTS INSURANCE TRUST,
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA AND AFFINITY INSURANCE
SERVICES, INC.,
                        Defendants.
------------------------------------------X
```

Defendant Affinity Insurance Services, Inc. ("Affinity"), by its attorneys, Goodman & Jacobs LLP, as and for its answer to the Complaint, alleges as follows:

1.  Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.  Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.  Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.  Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.  Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.  Affinity denies the allegations in Paragraph 6 of the Complaint, except admits it is a corporation organized under the laws of the Commonwealth of Pennsylvania; is authorized to transact business

in New York; and has a principal place of business in Hatboro, Pennsylvania.

7. Affinity denies the allegations in Paragraph 7 of the Complaint except admits that Affinity is the plan agent for the AICPA Insurance Trust.

8. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Affinity denies the allegations in Paragraph 12 of the Complaint, except admits that on or around March 22, 2004, Marc Memoli ("Marc") obtained a life insurance policy under the CPA Life Insurance Plan of the AICPA Insurance Trust issued by Prudential Insurance Company of America ("Prudential") and that on or around March 16, 2005, Marc reinstated the life insurance policy (the "policy") with a coverage amount of $500,000 for the period October 1, 2004 to September 30, 2005.

13. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and Affinity denies receipt of a telephone call from plaintiff.

19. Affinity denies the allegations in Paragraph 19 of the Complaint.

20. Affinity denies the allegations in Paragraph 20 of the Complaint.

21. Affinity denies the allegations in Paragraph 21 of the Complaint.

22. Affinity denies the allegations in Paragraph 22 of the Complaint.

23. Affinity denies knowledge or information sufficient to form a belief as to Marc's physical condition and plaintiff's intentions and denies the remaining allegations in Paragraph 23 of the Complaint.

24. Affinity denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Affinity admits the allegations in Paragraph 25 of the Complaint and respectfully refers the Court to the full text of the letter, dated February 12, 2007.

26. Affinity denies the allegations in Paragraph 26 of the Complaint.

27. Affinity denies the allegations in Paragraph 27 of the Complaint, except admits that prior to commencing this action and after Marc's death, plaintiff contacted Affinity.

## ANSWERING THE FIRST CAUSE OF ACTION

28. Affinity denies the allegations in Paragraph 28 of the Complaint and avers that it complied with all applicable laws governing the cancellation of the life insurance policy at issue.

29. Affinity denies the allegations in Paragraph 29 of the Complaint and states that Marc did not elect the "Disability Waiver" when he purchased the policy and that the policy did not contain a "Disability Waiver."

30. Affinity denies knowledge or information sufficient to form a belief concerning Marc's illness and denies the remaining allegations in Paragraph 30 of the Complaint.

31. Affinity denies the allegations in Paragraph 31 of the Complaint.

32. Affinity denies the allegations in Paragraph 32 of the Complaint.

33. Affinity denies the allegations in Paragraph 33 of the Complaint.

34. Affinity denies the allegations in Paragraph 34 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

35. Affinity repeats and reiterates its responses contained in Paragraphs 1 through 34 above as and for its answer to the allegations in Paragraph 35 of the Complaint.

36. Affinity denies the allegations in Paragraph 36 of the Complaint.

37. Affinity denies the allegations in Paragraph 37 of the Complaint, except admits that Affinity was notified concerning Marc's death and denies that it is obligated to pay benefits to plaintiff.

38. Affinity denies the allegations in Paragraph 38 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

39.  Affinity repeats and reiterates its responses contained in Paragraphs 1 through 38 above as and for its answer to the allegations in Paragraph 39 of the Complaint.

40.  The allegations in Paragraph 40 of the Complaint set forth a legal principle and require no response. To the extent an answer is required, Affinity denies the allegations in Paragraph 40 of the Complaint and respectfully refers the Court to a full and complete statement of the law.

41.  The allegations in Paragraph 41 of the Complaint set forth a legal principle and require no response. To the extent an answer is required, Affinity denies the allegations in Paragraph 41 of the Complaint and respectfully refers the Court to a full and complete statement of the law.

42.  Affinity denies the allegations in Paragraph 42 of the Complaint and denies making statements to plaintiff.

43.  Affinity denies the allegations in Paragraph 43 of the Complaint and denies making statements to plaintiff.

44.  Affinity denies the allegations in Paragraph 44 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

45.  Affinity repeats and reiterates its responses contained in Paragraphs 1 through 44 above as and for its answer to the allegations in Paragraph 45 of the Complaint.

46.  Affinity denies the allegations in Paragraph 46 of the Complaint and denies Affinity owed a duty to plaintiff.

47.  Affinity denies the allegations in Paragraph 47 of the Complaint.

48.  Affinity denies the allegations in Paragraph 48 of the Complaint.

49. Affinity denies the allegations in Paragraph 49 of the Complaint.

50. Affinity denies the allegations in Paragraph 50 of the Complaint except admits that the policy was cancelled for nonpayment of premiums.

51. Affinity denies knowledge or information sufficient to form a belief concerning plaintiff's intentions and denies the remaining allegations in Paragraph 51 of the Complaint.

52. Affinity denies the allegations in Paragraph 52 of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION
### (Denominated the "Fourth Cause of Action")

53. Affinity repeats and reiterates its responses contained in Paragraphs 1 through 52 above as and for its answer to the allegations in Paragraph 53 of the Complaint.

54. Affinity denies the allegations in Paragraph 54 of the Complaint and denies making statements to plaintiff.

55. Affinity denies the allegations in Paragraph 55 of the Complaint and denies making statements to plaintiff.

56. Affinity denies the allegations in Paragraph 56 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

57. The Complaint must be dismissed because it fails to state a claim for relief against Affinity.

## SECOND AFFIRMATIVE DEFENSE

58. The Complaint and claims alleged therein are barred by the applicable Statutes of Limitation.

### THIRD AFFIRMATIVE DEFENSE

59. Plaintiff's alleged damages, which Affinity denies, were aggravated by the failure of plaintiff to mitigate same; and plaintiff's recovery, if any, should be barred or reduced by reason of her failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

60. Affinity complied with all applicable statutes and rules in connection with the cancellation of the policy.

### FIFTH AFFIRMATIVE DEFENSE

61. The Complaint and claims alleged therein must be dismissed because of the absence of contractual privity.

### SIXTH AFFIRMATIVE DEFENSE

62. The Complaint and claims alleged therein must be dismissed because Affinity did not owe a duty to plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff was not the owner of the policy and did not have an ownership interest therein.

### EIGHTH AFFIRMATIVE DEFENSE

64. Affinity denies making statements to plaintiff. The Complaint must be dismissed as against Affinity because anything stated, said, uttered and/or written was true.

NINTH AFFIRMATIVE DEFENSE

65.  Plaintiff's alleged damages, which Affinity denies, were not caused by any act or omission of Affinity.

TENTH AFFIRMATIVE DEFENSE

66.  Plaintiff's alleged damages, which Affinity denies, were caused in whole or in part, by plaintiff's own negligent, careless, willful, and/or unreasonable acts and failures to act.

ELEVENTH AFFIRMATIVE DEFENSE

67.  Plaintiff is estopped and barred from pursuing the claims in the Complaint and from recovery of any damages, which Affinity denies, by virtue of her own acts and failures to act.

TWELFTH AFFIRMATIVE DEFENSE

68.  Plaintiff's alleged damages, which Affinity denies, were not caused by Affinity but by intervening acts and/or superseding causes.

THIRTEENTH AFFIRMATIVE DEFENSE

69.  Plaintiff's claims are barred by the doctrines of unclean hands and waiver.

FOURTEENTH AFFIRMATIVE DEFENSE

70.  Affinity denies that the policy was in effect on the date of Marc's death, but plaintiff's recovery, if any, would be limited by the amount of the coverage amount of the policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

71. Affinity denies that the policy was in effect on the date of Marc's death, but plaintiff's recovery, if any, would be limited by the terms and conditions of the policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

72. The policy was not in effect on the date of Marc's death; the policy was cancelled for non-payment of premiums.

## SEVENTEENTH AFFIRMATIVE DEFENSE

73. Affinity does not concede that Marc was unable to pay policy premiums due to disability, but Marc did not elect to take the disability waiver of contribution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

74. Insurance Law Section 3211 does not apply.

## NINETEENTH AFFIRMATIVE DEFENSE

75. The policy is a policy of group insurance.

## TWENTIETH AFFIRMATIVE DEFENSE

76. The Complaint fails to state a claim for punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

77. Affinity reserves the right to amend and supplement this Answer with additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this

case and on the grounds that the Complaint is not drafted with sufficient particularity to permit Affinity to raise all defenses.

Dated:    New York, New York
           June 11, 2008

                                  GOODMAN & JACOBS LLP
                                  Attorneys for Defendant
                                  Affinity Insurance Services, Inc.

                        By: _____
                                  Sue C. Jacobs (SJ0929)
                                  Thomas J. Cirone (TC1510)

                                  75 Broad Street, 30th Floor
                                  New York, New York 10004
                                  (212) 385-1191

Aimee P. Levine, Esq.
d'Arcambal, Levine & Ousley, LLP
Attorneys for Defendants
JP Morgan Chase Bank, M.A.,
as Trustee for the American
Institute of Certified Public
Accountants Insurance Trust, and
the Prudential Insurance Company
40 Fulton Street, Suite 1005
New York, Ne York 10038

Gary Kyme, Esq.
McMillan, Constabile,
  Maker & Perone, LLP
Attorneys for Plaintiff
3180 Boston Post Road
Larchmont, New York 10538

H:\TC\MEMOLI.ASNWER.099.08